UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZIAD SHETAYH and MEYADA SHETAYH, Plaintiffs, | : : : | |
| v. | : : | No. 5:20-cv-00693 |
| STATE FARM FIRE AND CASUALTY CO., Defendant | : : : | |

**O P I N I O N**
Motion to Dismiss Count II, ECF No. 5 – Granted

**Joseph F. Leeson, Jr.**                                                                                               **March 6, 2020**
**United States District Judge**

## I.     INTRODUCTION

Plaintiffs Ziad Shetayh and Meyada Shetayh filed a civil complaint against their insured, Defendant State Farm Fire and Casualty Co., asserting breach of contract and bad faith for State Farm's refusal to pay benefits allegedly owed under the insurance policy. State Farm has filed a Motion to Dismiss the bad faith claim, arguing that the boilerplate allegations fail to state a claim. For the reasons discussed below, the conclusory allegations are insufficient to state a claim and the Motion to Dismiss is granted without prejudice.

## II.     BACKGROUND

The Shetayhs allege that State Farm issued a policy insuring their property at 786 Fir Drive, Walnutport, Pennsylvania. Compl. ¶ 3, ECF No. 1. They allege that on or about March 23, 2019, while the policy was in effect, they suffered damage to the insured premises and timely provided notice of the same to State Farm. *Id.* ¶¶ 4-5. The Shetayhs allege that despite their

demand for benefits, State Farm has refused to pay money owed under the policy. *Id.* ¶¶ 6-7.

Count II alleges that State Farm engaged in bad faith conduct in the following ways:

> a. In forwarding correspondence to Plaintiffs dated November 12, 2019 falsely alleging that the premises insured by State Farm were used for "business purposes"[1] when he knew that this allegation was false, fraudulent and misleading and made solely for the purpose of denying coverage and preventing Plaintiffs from obtaining the benefits owed under their policy of insurance. []
> b. in failing to complete a prompt and thorough investigation of Plaintiffs' claim before representing that such claim is not covered under the Policy;
> c. in failing to pay Plaintiffs' covered loss in a prompt and timely manner;
> d. in falling to objectively and fairly evaluate Plaintiffs' claim;
> e. in conducting an unfair and unreasonable investigation of Plaintiffs' claim;
> f. in asserting Policy defenses without a reasonable basis in fact;
> g. in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;
> h. in failing to keep Plaintiffs or their representatives fairly and adequately advised as to the status of the claim;
> i. in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiffs or their representatives;
> j. in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiffs' claim;
> k. in unreasonably withholding policy benefits;
> l. in acting unreasonably and unfairly in response to Plaintiffs' claim;
> m. in unnecessarily and unreasonably compelling Plaintiffs to institute this lawsuit to obtain policy benefits for a covered loss, that State Farm should have paid promptly and without the necessity of litigation.

Compl. ¶ 15.

In moving to dismiss this count, State Farm asserts that these generic averments, which could fit any category of insurance claim, are insufficient to state the elements of a bad faith claim. *See* Brief Supp. Mot. 3-4, ECF No. 5-1 (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*,

---

[1] Attached to the Complaint is a copy of a letter State Farm sent to the Shetayhs stating that the policy does not cover their loss because the damaged premises were being used in part for a business purpose. In that letter, State Farm contends that the Shetayhs raised lamb/sheep on the premises and sold them to slaughterhouses for profit (sheep farming); therefore, damages to the barn and its contents are not covered. *See* Compl. Ex. C (letter dated November 12, 2019).

115 F.3d 230, 233 (3d Cir. 1997) (setting forth the two elements of a bad-faith claim)). As an example, State Farm states that the Shetayhs do not allege how State Farm's claim that the premises were used for business is false or how State Farm knew, or should have known, it was false. *See id.* at 5-7 (citing *MBMJ Props., LLC v. Millville Mut. Ins. Co.*, No. 18-5071, 2019 U.S. Dist. LEXIS 65251, at *14-15 (E.D. Pa. Apr. 16, 2019) (dismissing the bad faith claim against the insurer "because Plaintiffs' allegations lack the requisite factual support to state a plausible claim of bad faith under § 8371")).

In response to the Motion to Dismiss, the Shetayhs repeat their conclusory statements that State Farm's agent knew his statement that the property was being used for "business purposes" was false, and assert that they satisfied the notice pleading standards. *See* Brief Supp. Resp., ECF No. 7 (citing *1009 Clinton Props., LLC v. State Farm Fire & Cas. Co.*, No. 18-5286, 2019 U.S. Dist. LEXIS 33668, at *1 (E.D. Pa. Mar. 4, 2019) (allowing the bad faith claim to proceed to discovery)).

## III. LEGAL STANDARDS

### A. Motion to Dismiss

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Bad Faith, 42 Pa. C.S. § 8371

To state a claim for bad faith under 42 Pa. C.S. § 8371, a plaintiff must allege: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger*, 115 F.3d at 233 (citing *Terletsky v. Prudential Property & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994), *appeal denied*, 659 A.2d 560 (Pa. 1995)). "Although the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

## IV. ANALYSIS

"Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)). The bad faith allegations in the instant Complaint, however, are devoid of factual specificity and contain only conclusory allegations. Such conclusory statements are insufficient

to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Nearly identical allegations supporting the bad faith claim in the above-captioned action appear in other civil complaints filed by the law firm representing the Shetayhs. *See, e.g. MBMJ Props., LLC*, 2019 U.S. Dist. LEXIS 65251 (containing virtually identical paragraphs labeled "a" through "m"); *Rosenberg v. Amica Mut. Ins. Co.*, No. 18-406, 2018 U.S. Dist. LEXIS 117116 (W.D. Pa. July 12, 2018) (same); *Fasano v. Allstate Indem. Co.*, No. 17-cv-1495, 2017 U.S. Dist. LEXIS 118558 (E.D. Pa. July 26, 2017) (same); *Alidjani v. State Farm Fire & Cas. Co.*, No. 16-6436, 2017 U.S. Dist. LEXIS 9387 (E.D. Pa. Jan. 24, 2017) (same). This is evidence that the pleadings fail to meet the requirements of Rule 8, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555)); Fed. R. Civ. P. 8(a)(2). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 232 (citing *Twombly*, 550 U.S. at 555 n.3). Moreover, each of the similar complaints filed by counsel was dismissed for failure to state a claim. *See MBMJ Props., LLC*, 2019 U.S. Dist. LEXIS 65251 ("Plaintiffs' allegations lack the requisite factual support to state a plausible claim of bad faith under § 8371."); *Rosenberg*, 2018 U.S. Dist. LEXIS 117116 (determining that the allegations in the bad faith count were "insufficient to state a plausible basis for relief"), *adopted by Rosenberg v. Amica Mut. Ins. Co.*, No. 18-406, Order dated July 30, 2018, ECF No. 21; *Fasano*, 2017 U.S. Dist. LEXIS 118558 (concluding that "these allegations lack any requisite factual detail which would support a claim for bad faith"); *Alidjani*, 2017 U.S. Dist. LEXIS 9387 (holding that "the Complaint does not sufficiently allege a claim of bad faith conduct by defendant"). Although counsel cites to one

case in which the court allowed the bad faith claim to proceed to discovery, *see 1009 Clinton Props., LLC*, 2019 U.S. Dist. LEXIS 33668, that case is the outlier, not the standard. For these reasons and for those discussed by *MBMJ Props., LLC*, *Rosenberg*, *Fasano*, and *Alidjani*, counsel's recycled Complaint is dismissed for failure to state a claim.

The dismissal is without prejudice and with leave to amend. Counsel is advised that any amended complaint "must specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'" *See Rosenberg*, 2018 U.S. Dist. LEXIS 117116, at *8. *See also MBMJ Props., LLC v. Millville Mut. Ins. Co.*, No. 18-5071, 2019 U.S. Dist. LEXIS 131217, at *15-16 (E.D. Pa. Aug. 5, 2019) (dismissing the amended complaint with prejudice because "[e]ven though the Amended Complaint adds more allegations of Defendant's bad faith conduct, these added allegations are simply more of the same; they lack the required factual specificity and rely on impermissible legal conclusions to plausibly state a claim under Rule 12(b)(6)").

## V. CONCLUSION

The Complaint contains conclusory allegations that are insufficient to state a bad faith claim. The Motion to Dismiss Count II is therefore granted. Dismissal is without prejudice to the filing of an amended complaint, which must contain specific factual allegations to support bad faith.

A separate order follows.

                                                                 BY THE COURT:

                                            */s/ Joseph F. Leeson, Jr.*_____
                                            JOSEPH F. LEESON, JR.
                                            United States District Judge