UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ZIAD SHETAYH and MEYADA SHETAYH,　　　:
　　　　　　Plaintiffs,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　　　:　　No. 5:20-cv-00693
　　　　　　　　　　　　　　　　　　　　　　:
STATE FARM FIRE AND CASUALTY CO.,　　　:
　　　　　　Defendant　　　　　　　　　　　　:
_____

**O P I N I O N**
**Motion to Quash, ECF No. 20 – Granted**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　**November 19, 2020**
**United States District Judge**

## I.　　INTRODUCTION

The above-captioned action arises following an arson fire that damaged property owned by Plaintiffs Ziad Shetayh and Meyada Shetayh. The Shetayh's, who were victims of the arson, initiated civil litigation against their insurer, Defendant State Farm Fire and Casualty Co., when it refused to pay benefits allegedly owed under an insurance policy with State Farm. State Farm has served a subpoena on the Northampton County District Attorney's Office ("NCDA") for all documents relating to its criminal investigation, which resulted in the convictions of Samantha Rose Keeney and Justin Anthony Emmons ("criminal defendants"), into the fire to the Shetayh's property. The NCDA has moved to quash the subpoena. For the reasons set forth below, the Motion to Quash is granted.

## II.　　BACKGROUND

On March 23, 2019, a barn on the Shetayh's property at 786 Fir Drive, Walnutport, Pennsylvania was intentionally set on fire. This fire and others in the area were investigated by the NCDA. The NCDA brought multiple arson-related charges against the criminal defendants,

who were subsequently convicted of arson-related offenses.  The arson occurred in the barn and adjacent structures, causing the death of some farm animals and extensive damage to the Shetayh's property.  This property was insured by State Farm.  However, State Farm refused to pay the Shetayhs for their losses, determining the property was used in part for a business purpose, which is not covered under the applicable insurance policy.  Specifically, State Farm explained to the Shetayhs that it denied the claim once "we learned that you raised and sold lamb/sheep on the premises as well as took them to be slaughtered to sell the meat for profit. As such, the location of the barn is considered being used in part for business purposes, in this case, sheep farming. Sheep farming is consider[ed] to be breeding, raising, or slaughtering of domestic sheep for meat, wool and milk."  Am. Compl., Ex. F, ECF No. 11.  Disputing this allegation, the Shetayhs allege they raised the animals for their personal use only and their loss is covered by the insurance policy.

Because State Farm denied payment under this policy, the Shetayhs filed a state civil action for breach of contract and bad faith.  The action was subsequently removed to this Court based on diversity jurisdiction.  This Court granted State Farm's Motion to Dismiss the bad faith claim because the Complaint contained insufficient conclusory allegations.  The dismissal was without prejudice to the filing of an amended complaint, which the Shetayhs filed.

During the discovery period, State Farm timely filed a subpoena on NCDA seeking documents relating to the criminal investigation and the cases against the criminal defendants for the fire at the Shetayh's property.  *See* Resp. Ex. A, ECF No. 22.  This subpoena was withdrawn without prejudice pending resolution of the criminal cases.  *See* Resp. 2-3, ECF No. 22-2.  Those cases are now closed because the criminal defendants have been sentenced.  Accordingly, State Farm reissued a subpoena on the NCDA seeking:

any and all documents pertaining to Ziad and Meyada Shetayh and/or their property and/or the fire incident of March 23, 2019 at 786 Fir Drive, in Walnutport, Pennsylvania 18088 ("786 Fir Drive"), including but not limited to witnesses and defendants statements, interview reports, notes, investigative reports and notes, police reports, incident reports, emails, telephone messages, agreements, transcripts, etc., regarding the fire at 786 Fir Drive, that may pertain to, but not limited to, the reasons for setting the fire and/or any items of damage at 786 Fir Drive, information regarding the items stored and/or lost within the barn located at 786 Fir Drive, information pertaining to business uses and/or other uses of the property and/or barn at 786 Fir Drive.

Resp. Ex. E, ECF No. 22.  NCDA has moved to quash this subpoena.  NCDA, after providing all non-investigatory and publicly available documents, seeks an order preventing State Farm from taking any further action to obtain the remainder of NCDA's investigative file and argues that further disclosure is impermissible under the provisions of the Criminal History Record Information Act ("CHRIA"), 18 Pa. C.S. § 9101 *et seq*., and applicable case law.  State Farm responds that because CHRIA does not create a privilege, the remaining documents are discoverable.

## III.   LEGAL STANDARDS

### A.   Rules Governing Discovery in Federal Court

"Federal Rule of Civil Procedure 26 sets forth the general scope of discovery in civil suits."  *Frank v. Honeywell Int'l, Inc.*, No. 15-mc-00172, 2015 U.S. Dist. LEXIS 106453, at *11 (E.D. Pa. Aug. 12, 2015); Fed. R. Civ. P. 26.  Rule 26(b)(1) provides that: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  If "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," the court must limit discovery.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  To obtain discovery within the scope of Rule 26, Federal Rule of Civil Procedure 45 allows a party to issue a subpoena to other parties and to non-parties.  *See* Fed. R. Civ. P. 45.

Rule 45 also outlines when a court must or may quash or modify a subpoena. *See id.* Courts use a burden-shifting framework to analyze motions to quash and first require the party issuing a subpoena to show that its request falls within the scope of permitted discovery under Federal Rule of Civil Procedure 26. *See Paramo v. Aspira Bilingual Cyber Charter School*, No. CV 17-3863, 2018 WL 4538422, at *2 (E.D. Pa. Sept. 21, 2018) (citing *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016)). If the subpoenaing party meets its burden, "the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena." *Green*, 314 F.R.D. at 169. One basis to quash a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *See* Fed. R. Civ. P. 45(d)(3)(A). "The burden of the party opposing the subpoena is particularly heavy to support a motion to quash as contrasted to some more limited protection such as a protective order." *Green*, 314 F.R.D. at 170.

### B.   Evidentiary Privileges

"All evidentiary privileges asserted in federal court are governed, in the first instance, by Federal Rule of Evidence 501." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). This Rule provides:

> The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Ev. 501. "Thus, federal courts are to apply federal law of privilege to all elements of claims except those '[for] which [s]tate law supplies the rule of decision.'" *Pearson*, 211 F.3d at 66. "Rule 501 requires a district court exercising diversity jurisdiction to apply the law of

4

privilege which would be applied by the courts of the state in which it sits." *Samuelson v. Susen*, 576 F.2d 546, 549 (3d Cir. 1978). Giving due consideration to comity, the federal court's ultimate task is to determine whether privileges associated with state statutes and the confidentiality they seek to protect are cognizable under Federal Rule of Evidence 501. *See Pearson*, 211 F.3d at 68-69 (explaining that even if the Pennsylvania courts have described a statute providing for a duty of confidentiality as creating an evidentiary privilege "what these opinions have characterized as 'privileges' are not necessarily privileges within the meaning of Rule 501"). Because privileges are disfavored, federal courts have generally declined to grant requests for new privileges. *See id.*

IV.     ANALYSIS

NCDA moves to quash the subpoena for investigative information, arguing that "Pennsylvania Courts have determined that the non-disclosure requirement of CHRIA is, in fact, considered a privilege and/or ensures confidentiality of information and applies in cases based solely on diversity of citizenship." Mot. 3, ECF No. 20 (citing *Mielcarz v. Pietzsch*, 193 A.3d 1094 (Pa. Super. Ct. 2018)). Thus, the subpoena "requires disclosure of privileged or other protected matter" and should be quashed pursuant to Rule 45. *See* Fed. R. Civ. P. 45(d)(3)(A).

State Farm responds that because CHRIA is a matter of confidentiality and not a privilege, CHRIA is not binding on this federal Court and the information sought is discoverable under Rule 26, which permits "discovery regarding any nonprivileged matter . . . ." Fed. R. Civ. P. 26(b)(1). State Farm asserts that NCDA has failed to meet its burden to quash the subpoena, but that State Farm will abide by a stipulated confidentiality agreement regarding the materials and/or an in camera inspection in order to preserve the CHRIA concerns.

### A.    CHRIA does not create a privilege.

CHRIA prohibits criminal justice agencies from disseminating investigative information[1] "to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic."  18 Pa. C.S. § 9101(C)(4); *Piazza v. Young*, No. 4:19-CV-00180, 2020 U.S. Dist. LEXIS 207896, at *8 (M.D. Pa. Nov. 6, 2020).

"The Supreme Court of Pennsylvania[2] has not answered whether the CHRIA creates a privilege or merely imposes a duty of confidentiality."  *Piazza*, 2020 U.S. Dist. LEXIS 207896, at *12.  In *Mielcarz*, the Pennsylvania Superior Court "explicitly decline[d] to opine on whether CHRIA's nondisclosure requirement is a privilege or whether it merely ensures confidentiality of information."  *Mielcarz*, 193 A.3d at 1094 n.9.

"District courts within the Third Circuit have consistently 'concluded that CHRIA does not compel a federal court to recognize a blanket privilege against the discovery of police reports containing investigative information or complaints against third persons. . . .'"  *Carusone v. Kane*, No. 1:16-cv-1944, 2017 U.S. Dist. LEXIS 196668, at *4-5 (M.D. Pa. Nov. 30, 2017) (quoting *Benedict v. McMahon*, 315 F.R.D. 447, 452 (E.D. Pa. 2016) (citing cases)).  This Court, consistent with the cases, concludes that CHRIA does not create a blanket privilege.  *See also Pearson*, 211 F.3d at 67 ("Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts.").  Accordingly, the

---

[1]     The parties do not dispute that the subpoenaed material that has yet to be provided is "investigative information" under CHRIA.

[2]     Because this case alleges state law claims and was removed pursuant to diversity jurisdiction, Pennsylvania law governs the privilege claims.  *See Piazza*, 2020 U.S. Dist. LEXIS 207896, at *12.

material subpoenaed by State Farm is discoverable under Rule 26. However, this does not end the inquiry.

**B.      The investigative information is "protected matter."**

"Even where the Court declines to recognize state privileges in federal court under Rule 501, it does not follow that the documents requested are necessarily discoverable." *Griffin-El v. Beard*, No. 06-2719, 2009 U.S. Dist. LEXIS 48371, at *46 (E.D. Pa. June 8, 2009). Rule 26 requires not only that the material not be "privileged," but also requires that the information be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Further, the Rule specifically allows the court, after considering numerous factors, to limit the scope of discovery. *See id.*

The relevancy of the subpoenaed material and State Farm's "need" for the material is tenuous at best. State Farm asserts that because one of the criminal defendants worked for an individual that stored equipment in the Shetayh's barn, it "has a significant interest in obtaining information about [the criminal defendant's] knowledge of the barn's purpose and contents as well as his motivation in setting the fires." *See* Resp. 2. The dispute in this case is not the amount of the loss, but whether the Shetayh's were using the barn for sheep farming. What the criminal defendant knew about the contents of the barn and the reason for his criminal acts does not appear relevant.

Regardless, Rule 45 allows a court to quash a subpoena for material that might otherwise fall under the broad definition of discoverable material. Specifically, Rule 45 provides that the court "must quash or modify a subpoena that . . . requires disclosure of privileged **or other protected matter**. . . ." *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) (emphasis added).

State Farm does not dispute, and case law confirms, that investigative information is "confidential."  As such, this Court finds that it is "protected matter" under Rule 45.  *See Piazza*, 2020 U.S. Dist. LEXIS 207896, at *14 (holding that the duty of confidentiality in CHRIA "leads to the conclusion that any investigative materials at issue constitute 'other protected matter' under FRCP 45, such that this Court must quash or modify the subpoena").  Notably, this action was initiated in state court and includes only state law claims.  Had State Farm not removed the case to federal court, it would not have been able to obtain the subpoenaed materials.  By prohibiting the disclosure of this material, this Court gives due consideration to comity, satisfies the concerns the Pennsylvania General Assembly has about maintaining the confidentiality of documents that relate to a criminal investigation, and enforces the text of Rule 45.  *See id.* at *14-15 (finding no conflict between CHRIA and Rule 45 and quashing the subpoena to the extent it seeks any investigative material).

## V.      CONCLUSION

The subpoena seeks investigation information that is protected by CHRIA.  Although CHRIA does not create a blanket privilege to remove the material from the scope of discoverable matter under Federal Rule 26, the confidentiality duties imposed by CHRIA make the material "protected matter" that may be quashed pursuant to Federal Rule 45.  Quashing the subpoena here not only complies with the text of Rule 45, but also satisfies the confidentiality concerns the Pennsylvania legislature had when enacting CHRIA.  The Motion to Quash is granted.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge